UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VERNELL WILLIAMS, )
)
)
Petitioner, )
) Case: 1:17-cv-00209
) Assigned To : Unassigned
v. ) Assign. Date : 1/31/2017
) Description: Habeas Corpus/2255 (G-DECK)
UNITED STATES OF AMERICA, )
)
Respondent. )
)

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. The petitioner is serving a term of 15 years to life imprisonment imposed by the Superior Court of the District of Columbia. Based on the Court's review of the petition, all of the petitioner's assertions relate to an ineffective assistance of trial counsel claim.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991); *see Rahim v. U.S. Parole Comm'n*, 77 F. Supp. 3d 140, 146 (D.D.C. 2015) (noting that claim that trial counsel was effective is "routinely brought pursuant to § 23-110"). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a

4

motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," *id.* § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a).").

The petitioner does not demonstrate that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his conviction and subsequent incarceration. He has no recourse in this federal district court. *See Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986); *Ankhamen v. United States*, No. 11-cv-1747, 2012 WL 689109, at *1 (D.D.C. Mar. 1, 2012).

The Court will grant the petitioner's application to proceed *in forma pauperis* and will dismiss his petition for a writ of habeas corpus. An Order accompanies this Memorandum Opinion.

DATE: January 27, 2017

/s/ Beryl A. Howell
BERYL A. HOWELL
Chief Judge